**JAROD BONA (SBN 234327)**
**BONA LAW PC**
**4275 Executive Square, Suite 200**
**La Jolla, CA 92037**
**Tel: (858) 964-4589**
**Fax: (858) 964-2301**
**jarod.bona@bonalawpc.com**

**Attorney for Plaintiffs, EDWARD TOBINICK, et. al.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDWARD LEWIS TOBINICK M.D., A MEDICAL CORPORATION d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, a California medical Corporation; INR PLLC d/b/a INSTITUTE OF NEUROLOGICAL RECOVERY, a Florida professional Limited liability company; and EDWARD TOBINICK, M.D., an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN NOVELLA, M.D., an Individual, <br><br> Defendant. | CASE NO.: <br><br> *(pending in the United States District Court for the Southern District of Florida Civil Action 9:14-cv-80781-RLR)* <br><br> **MOTION TO COMPEL** <br><br> DATE: TBD <br> TIME: TBD <br> CTRM: TBD |

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiffs Edward Lewis Tobinick, M.D., A Medical Corporation, INR PLLC, and Edward Tobinick, M.D (collectively, "Plaintiffs") respectfully move this Court for an Order compelling the production of documents sought by a properly-issued subpoena from third party Jeffrey Saver ("Saver").[1]

## I.  INTRODUCTION

Plaintiffs have filed an action in the Southern District of Florida against Steven Novella ("Novella") for violation of the Lanham Act.[2] Saver is not a party to this action, but is believed to have documents that would impeach the Defendant's testimony, negate Defendant's causation arguments, and prove the Defendant's malice. Dr. Saver is a neurologist at the UCLA Comprehensive Stroke Center and has been a key player in a coordinated campaign to assassinate the professional reputation of Plaintiffs. Saver, in fact, developed the plan and facilitated the publication of an L.A. Times hit piece about Plaintiffs that the Defendant purported to rely upon in making false statements and representations about Plaintiffs. *See* Exhibit C, Email from Dr. Jeffrey Saver to Dr. Ralph Sacco, June 27, 2011 (outlining three-part plan to destroy Plaintiff Dr. Tobinick's professional reputation).

On July 24, 2015 at 2:45pm, Saver was served with a subpoena duces tecum at the hospital where he is employed, in Los Angeles, CA.[3] On August 12, 2015 Bona Law contacted Saver via email to request the documents, and to determine whether Saver was planning to comply with the subpoena. Saver informed Bona Law that he had never received a subpoena, and asked to be forwarded a copy. Bona Law sent Saver copies of both the notice and the subpoena. After no response from Saver, Bona Law wrote another email to follow up with Saver on the matter.[4] This was on August 17, 2015. There was still no response from Saver.

---

[1] See notice and subpoena attached, Exhibit A.
[2] The first amended complaint is attached hereto as Exhibit B.
[3] See proof of service from the process server, Exhibit D.
[4] The email exchange between Bona Law and Saver is attached as Exhibit E.

On August 21, 2015, Bona Law spoke by phone with Saver's receptionist who stated he was out sick, but that Saver's assistant may be able to help when she returned to the office on August 24, 2015.

On August 24, 2015, Bona Law telephoned Saver's assistant, Stephanie Wong to ask her about the subpoena. She stated that she did not know anything about it, but to forward the documents to her, and to Saver, as he reads his email on occasion. She stated that she would remind him about it when she spoke with him. Bona Law forwarded the documents to Ms. Wong and Saver that same day.

On August 25, 2015 Bona Law emailed a copy of the order from the Court that the documents were due by September 1, 2015.  On August 26, 2015 Bona Law again followed up with Saver and Ms. Wong.  Bona Law received an email from Ms. Wong stating that Saver is too ill to produce the documents, but would do so when he returned to the office in mid-September.

Because Saver was properly issued a subpoena to produce documents that are reasonably calculated to lead to the discovery of admissible evidence, and because Saver did not produce those documents, Plaintiffs respectfully move this Court to for an Order compelling Saver to produce all of the subpoenaed documents.

## II.  ARGUMENT

**A.  The Subpoenas to Saver Are Proper**

**1.  The Documents Are Relevant**

Rule 26(b)(1) provides "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

The subpoena is narrowly-tailored and requests (1) All communications with Steven Novella from January 2013 to the present; (2) All documents or communications concerning or referencing Dr. Edward Tobinick or the Institute for Neurological Recovery from January 2013 to present; and (3) All documents or communications w/Medical Board of California relating in any way to Dr. Edward

Tobinick or the Institute for Neurological Recovery from January 2013 to present.[5] With just three requests, the subpoena seeks relevant information relating to the false and misleading statements made against Plaintiffs.

Saver made these statements in a Los Angeles Times article. The defendant read this article and used these false statements as the basis for his writings about plaintiffs on his commercial website.

### 2. The Subpoena Complies with Rule 45

Because Saver is a non-party, Fed. R. Civ. P. 45 is the proper vehicle for Plaintiffs to seek the discoverable materials. *See, e.g., Behrend v. Comcast Corp.*, 248 F.R.D. 84, 87 (D. Mass. 2008) (non-party required to produce documents in response to subpoena *duces tecum* under Rule 45). Plaintiffs properly served a subpoena *duces tecum* on Saver in compliance with Rule 45. Saver does not raise objections to the use of the Rule 45, nor does he claim any of the proper protections listed under the Rule.

### B. Saver has not complied with the Subpoena

Saver was served with a subpoena on July 24, 2015. There was no response from Saver until August 12, 2015 when he stated that he had never received a subpoena. The Court, after several extensions, has declared that discovery must be complete by September 1, 2015. Plaintiffs have attempted to obtain production from Saver numerous times, with no response. Although Saver is now ill, he was not ill when he received the subpoena. He has not contacted counsel for Plaintiffs except through his assistant on August 26, 2015 via email to state he would not be able to produce the documents. Saver himself has not contacted counsel for Plaintiffs since August 12, 2015. He has not sent any documents nor has he responded in any way. After several extensions from the court, discovery must be complete by September 1, 2015. Plaintiffs do not bring this action lightly; they have no choice to do so in order to preserve their rights and prosecute their claims.

---

[5] See notice and subpoena, Exhibit A.

### III.  CONCLUSION

Saver was properly served with a subpoena that was narrowly tailored to obtain relevant documents to this case. There was no response from Saver, even before he became ill. As such, this court should order Saver to comply with the subpoena. Therefore, Plaintiffs respectfully request this Court to order a Motion to Compel against Saver.

DATED: August 31, 2015                    BONA LAW PC

                                    By:   /s/ Jarod Bona
                                          Jarod Bona, Esq.
                                          Attorney for Plaintiffs

**DECLARATION OF SERVICE BY MAIL**

I, the undersigned declare:

1. That declarant is and was at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action' that declarant's business address is 4275 Executive Square, Suite 200, La Jolla, CA 92037.

2. That on August 31, 2015 declarant served the MOTION TO COMPEL by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2015.

Maureen R. Anderson

# SERVICE LIST

Jay Marshall Wolman, Esq.
Randazza Legal Group
100 Pearl Street, 14th Floor
Hartford, CT 06103
jmw@randazza.com

Marc John Randazza
Randazza Legal Group
3625 South Town Center Drive
Las Vegas, NV 89135
Email: MJR@randazza.com

Jeffrey Saver
UCLA
100 Stein Plaza, B273
Los Angeles, CA 90095
JSaver@mednet.ucla.edu

**MOTION TO COMPEL**